11-3483-cr
United States v. Dominguez-Gabriel

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT:   REENA RAGGI,
           PETER W.  HALL,
           CHRISTOPHER F. DRONEY,
              *Circuit Judges*.
-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
              *Appellee*,


                 v.                                    No. 11-3483-cr

HECTOR DOMINGUEZ-GABRIEL, a/k/a "Kinko,"
a/k/a "John Richard Bellefleur,"
              *Defendant-Appellant*,

MANUEL ALEXANDER ARAUJO,
              *Defendant*.[*]
-----------------------------------------------------------------------

---

[*]The Clerk of Court is respectfully directed to amend the official caption as shown above.

APPEARING FOR APPELLANT:     IAN WEINSTEIN (James A. Cohen, *on the brief*), Lincoln Square Legal Services, Inc., Fordham University School of Law, New York, New York.

APPEARING FOR APPELLEE:      BENJAMIN NAFTALIS (Justin S. Weddle, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 18, 2011, is AFFIRMED.

Hector Dominguez-Gabriel appeals from a judgment of conviction entered after a jury trial. Proceeding both through counsel and pro se, Dominguez-Gabriel raises myriad challenges to his conviction and to his 20-year prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Multiple Conspiracies

In this case, in which Dominguez-Gabriel stands convicted of two drug conspiracies, one to distribute cocaine in the United States (Count Two), and another to import cocaine into the United States (Count Three), he complains that (1) the record evidence in fact

established multiple conspiracies, some of which excluded or marginalized him,[1] (2) the district court erred in failing to give the jury a multiple-conspiracies charge, and (3) a variance between the conspiracies charged and proved denied him a fair trial. On de novo review of these related questions of law, we reject them as without merit.

In fact, the record evidence, viewed in the light most favorable to the government, see United States v. Rosa, 11 F.3d 315, 340 (2d Cir. 1993), supports a jury finding that, as to both the charged distribution and importation conspiracies, there was a common goal served by various schemes that were interdependent by virtue of Dominguez-Gabriel's place at their hub and the use of overlapping core participants and similar methods of operation. See United States v. Payne, 591 F.3d 46, 61–62 (2d Cir. 2010); United States v. Berger, 224 F.3d 107, 114–15 (2d Cir. 2000); United States v. Johansen, 56 F.3d 347, 351 (2d Cir. 1995).

Even if the record showed multiple conspiracies beyond the two charged, however, Dominguez-Gabriel would not be entitled to relief on appeal absent a showing of substantial prejudice. See United States v. Johansen, 56 F.3d at 351 (identifying factors relevant to prejudice assessment). He cannot show that he was prejudiced by the jury charge because

---

[1] Dominguez-Gabriel contends that evidence of his drug dealing with confederates Manuel Alexander Araujo and David Marin reflected distinct distribution and importation schemes, rather than the single distribution and importation conspiracies charged in the indictment. He submits that Araujo's dealings with "Guido" and with confidential informant Miguel Duarte reflected uncharged schemes in which he played no role.

3

the trial court plainly instructed that the government's burden was to prove the charged conspiracies beyond a reasonable doubt, and the evidence was sufficient to permit a jury to find that it carried this burden. See United States v. Vazquez, 113 F.3d 383, 386 (2d Cir. 1997) ("A refusal to give a multiple conspiracy charge does not prejudice defendant where there was ample proof before the jury for it to find beyond a reasonable doubt that defendant was a member of the conspiracy charged in the indictment."). Further, Dominguez-Gabriel was tried alone, a circumstance that we have recognized generally to preclude a showing of prejudicial spillover from multiple conspiracies. See United States v. Cusimano, 123 F.3d 83, 89 (2d Cir. 1997). His conviction is not premised on Pinkerton v. United States, 328 U.S. 640 (1946), and no evidence was received—much less shocking and inflammatory evidence—that would not have been admissible against Dominguez-Gabriel on the charged conspiracies, see United States v. Johansen, 56 F.3d at 351.

Accordingly, we identify no merit to the various errors he raises in connection with his multiple-conspiracies claim.

2.    Hearsay

Dominguez-Gabriel's challenge to hearsay statements by non-testifying government informant Miguel Duarte merits little discussion.

Dominguez-Gabriel's failure to object to these statements at trial limits our review to plain error. See United States v. Gore, 154 F.3d 34, 41 (2d Cir. 1998). We identify none. No different conclusion is warranted by defendant's claim that he was unaware of Duarte's

4

informant status until the close of the government's case. The record shows that defendant was aware of Duarte's status from the very start of trial, as evidenced by his counsel's opening statement to the jury.

Further, insofar as many of the challenged statements were deliberately elicited by defense counsel as part of an overall strategy to focus the jury's attention on the informant, such conduct constitutes a true waiver of any hearsay objection, precluding appellate review even for plain error. See United States v. Terry, 702 F.2d 299, 317 (2d Cir. 1983); see also United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007).

Finally, Dominguez-Gabriel cannot show any error, let alone plain error, in the admission of questions posed—rather than statements made—by Duarte, as these do not constitute hearsay. See Fed. R. Evid. 801(a), (c). Moreover, statements attributed by co-conspirator Manuel Alexander Araujo to Dominguez-Gabriel rather than to Duarte were admissible as declarations of a party opponent under Fed. R. Evid. 801(d)(2).

Accordingly, defendant is entitled to no relief on his hearsay challenge.

3.      Sixth Amendment Right to Compulsory Process

Dominguez-Gabriel asserts that he was denied his constitutional right to compulsory process by the government's refusal to produce Duarte as a witness. The government contends that this argument fails because defendant's request was made at a time when the government no longer controlled Duarte and did not know his whereabouts, except that he was not in the United States. See United States v. Greco, 298 F.2d 247, 251 (2d Cir. 1962);

5

see also United States v. Yousef, 327 F.3d 56, 114 n.48 (2d Cir. 2003). Insofar as Dominguez-Gabriel relies on Ramchair v. Conway, 601 F.3d 66 (2d Cir. 2010), that case is inapplicable here because nothing in the record indicates that the government took actions to render Duarte unavailable, see id. 68–70.

We need not pursue this point further, however, because Dominguez-Gabriel's argument fails for a more fundamental reason: he does not show how Duarte's testimony would have been favorable to his defense. See Howard v. Walker, 406 F.3d 114, 132 (2d Cir. 2005); see also United States v. Valenzuela-Bernal, 458 U.S. 858, 871 (1982). To the extent Dominguez-Gabriel argues that Duarte could have provided material testimony about a meeting attended by the two men in Colombia, the record indicates that the meeting concerned drug distribution and money laundering, circumstances unlikely to be favorable to Duarte. In sum, in the absence of any "effort to explain what material, favorable evidence" Duarte would have provided, Dominiguez-Gabriel's Sixth Amendment challenge fails on the merits. United States v. Valenzuela-Bernal, 458 U.S. at 874 (emphasis added).

4.     *Pro Se* Challenges

We have considered Dominguez-Gabriel's remaining challenges, including those he presents pro se, and we conclude that they are uniformly without merit, largely for the reasons stated in opposition by the government.

The judgment of conviction is hereby AFFIRMED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court

7